# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,       )
       )
       )
       )
    v.       )
       )
JERRETT WATSON,       )    Cr. A. No. 1401017113
       )
    Defendant.       )
       )
       )

Date Decided: October 27, 2017

On Defendant Jerrett Watson Motion for
Postconviction Relief. **DENIED**.

## ORDER

Defendant, Jerrett Watson, filed a Motion for Postconviction Relief on October 8, 2015. Trial counsel filed an Affidavit in response to Defendant's Motion on October 16, 2016. The State filed a Response to Defendant's Motion for Post-Conviction Relief on July 18, 2017. According to the State's Response, on January 26, 2014, Safe Streets officers arrested an individual who had two and a half bundles of heroin. During this arrest a black male fled the scene and the officers were unable to stop him. The individual the officers arrested said he purchased the heroin from the man that fled the scene, however, he did not know his name but knew his address was 38 Charles Court Newark, Delaware. Officers searched the Delaware

Automated Corrections System and determined that Defendant lived at 38 Charles Court and Defendant was on probation.

On January 28, 2014, officers executed an administrative search warrant on Defendant's residence at 38 Charles Court in Newark, Delaware. According to the affidavit of probable case, when the officers arrived at the residence and rang the doorbell, someone looked through the front window but did not answer the door. The officers heard people running up and the down the steps for several minutes before someone responded. Once the door opened, officers found 10 to 15 pieces of heroin log wrappers on the floor by the toilet and on Defendant's desk. The officers also found a blue wax-paper baggie containing an off-white powdered substance stamped "PUMA", leafy green-brown substance on the keyboard, and two clear plastic bags with the same substance in a coat on the couch. In a post *Miranda* interview Defendant admitted that the coat was his. Subsequently, officers found a white Apple I-Phone and obtained a search warrant for the phone. Post *Miranda,* Defendant also admitted that the small amount of marijuana and the drug paraphernalia was his.

On May 27, 2014, Defendant was indicted on the following charges: two counts of Drug Dealing Heroin, Possession of Marijuana, Possession of Drug Paraphernalia, and Receiving Stolen Property under $1,500. On July 22, 2014, with the aid of trial counsel, Defendant plead guilty to one count of Drug Dealing Heroin

related to the January 26, 2014 incident. Defendant had two prior qualifying Title 16 convictions which automatically made the charge a Class B Felony with a minimum mandatory sentence of two years at Level V. Additionally, Defendant was eligible for sentencing as a Habitual Offender and he had pending VOP charges.

Defendant's Motion states that trial counsel was ineffective for failure to file a suppression motion, and to reference his memorandum of law in support of his Motion. Specifically, Defendant's memorandum states that "advice to accept guilty plea without investigating this case and to file a suppression motion challenging the veracity of statements use in affidavit of probable cause was of no benefit to defendant." Trial counsel's detailed Affidavit states that his representation agreement was executed on June 24, 2014. Trial counsel states that when he obtained Defendant's client file he had copies of "dozens of text messages that were the product of a search warrant of his phone as well as which related to what appeared to be (if admitted into evidence) indicative of obvious drug dealing." Trial counsel states that after meeting with Defendant's family, and reviewing discovery, he met with Defendant and discussed that there might be possibility of suppression of statements, however, it would be difficult because the State properly sought the content of his phone by warrant. Trial counsel also averred that he advised Defendant if his case fell into the protection of the "medical examiner scandal" that he would attack the case from that perspective. Eventually trial counsel states that

he met with Defendant and explained that if they went to trial Defendant could possibly face a "total or partial loss," and that they must work towards mitigation. Trial counsel determined that Defendant's case was not affected by the medical examiner scandal. Between July 9, 2014 and July 6, 2014 the plea offer was extended by the State. Trial counsel met with Defendant on July 16, 2014, and trial counsel shared the general content of the psycho-forensic report which contained positive recommendations and clear mitigation issues. Trial counsel stated that Defendant was willing to take the plea, but Defendant was "reticent." Trial counsel reviewed the reasons why he believed it was in Defendant's interest to take the plea. Defendant accepted the plea agreement which was entered on July 22, 2016. Between this time and the date of sentencing, Defendant considered withdrawing his plea. Trial counsel met with Defendant to discuss the pros and cons. Defendant eventually knowingly, intelligently, and voluntarily agreed to be sentenced and not withdraw his plea on November 21, 2014.

The State's Response avers that pursuant to the plea agreement, Defendant would be sentenced as a Habitual Offender and his sentence on the charge should be three years unsuspended at Level 5, followed by Level IV on the pending VOPs, followed by a Level III sentence. As to any Chain of Custody, Testing, Weight, ot any other issues related to the OCME, Defendant waived any challenges pursuant to

4

the plea agreement. The Court sentenced Defendant on November 21, 2014 as a Habitual Offender to 30 months at Level V, followed by 12 months at Level III.

### Discussion

Although the State conceded that it sees no procedural bars in Defendant's Motion, the Court must address Defendant's motion in regard to Rule 61(i) procedural requirements before assessing the merits of his motion.[1] Rule 61(i)(1) bars motions for postconviction relief if the motion is filed more than one year from final judgment. Defendant's Motion is not time barred by Rule 61(i)(1). Rule 61(i)(2)[2] bars successive postconviction motions, which is also not applicable as this is Defendant's first postconviction motion. Rule 61(i)(3) bars relief if the motion includes claims not asserted in the proceedings leading to the final judgment.[3] This bar is also not applicable as Defendant claims ineffective assistance of counsel, which could not have been raised in any direct appeal, nor did Defendant appeal.[4] Finally, Rule 61(i)(4) bars relief if the motion is based on a formally adjudicated ground.[5] This bar is also not applicable to Defendant's Motion.

---

[1] Super. Ct. Crim. R. 61(i)(1).
[2] Super. Ct. Crim. R. 61(i)(2).
[3] Super. Ct. Crim. R. 61(i)(3).
[4] *See State v. Berry*, 2016 WL 5624893, at *4 (Del. Super. Ct. June 29, 2016); *see also Watson v. State*, 2013 WL 5745708, at *2 (Del. Oct. 21, 2013).
[5] Super. Ct. Crim. R. 61(i)(4).

Delaware adopted the two-prong test proffered in *Strickland v. Washington* to evaluate ineffective assistance of counsel claims.[6] To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different."[7] The Court's "review of counsel's representation is subject to a strong presumption that representation was professionally reasonable."[8] The "benchmark for judging any claim of ineffectiveness [is to] be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."[9] Defendant's memorandum in support of his Motion claims ineffective assistance of counsel because counsel did not file a suppression motion with regard to the text messages, failure to investigate before offering his recommendation to plea, and failure to argue a suppression motion regarding the affidavit of probable cause. Based on trial counsel's affidavit and the nature of Defendant's charges, Defendant's claim for ineffective assistance of counsel fails.

---

[6] *See Strickland v. Washington*, 466 U.S. 668 (1984); *see also Albury v. State*, 551 A.2d 53 (Del. 1988).

[7] *Flamer v. State*, 585 A.2d 736, 753 (Del. 1990); *see also Strickland v. Washington*, 466 U.S. 668 (1984).

[8] *Id.*

[9] *State v. Wright*, 2015 WL 648818, (Del. Super. Ct. Feb. 12, 2015)(citations omitted).

Defendant knowingly, intelligently, and voluntarily plead to the charges. Trial counsel advised Defendant not to withdraw the plea because from trial counsel's experience and the nature of Defendant's charges there was a possibility of even more jail time. Additionally, trial counsel stated that he did not file a suppression motion regarding the text messages because the State properly obtained the information via a search warrant. Counsel's conduct did not so undermine the proper functioning of the adversarial process. Because Defendant cannot show that Trial Counsel's representation fell below an objective standard of reasonableness, his Motion for Postconviction Relief pursuant to Rule 61 is hereby **DENIED.**

    **IT IS SO ORDERED.**

/s/ Calvin L. Scott
_____
The Honorable Calvin L. Scott, Jr.